## Case No. 15,116.

### UNITED STATES v. FIVE HUNDRED BOXES OF PIPES.

[2 Abb. U. S. 500.] [1]

District Court, E. D. Michigan. April, 1870.

ADMIRALTY—JURISDICTION—CUSTOMS DUTIES—LIEN.

1. The admiralty jurisdiction of the district court in revenue cases, extends only to seizures for forfeitures under duty laws; as conferred by section 9 of the judiciary act of 1789 (1 Stat. 76). The payment of duties can only be enforced by proceedings on the common law side of the court.

2. It seems where imported goods have been seized for an alleged violation of the revenue laws, and a decision has been rendered in favor of the claimant, that the United States is not deprived of its lien upon the goods for the duties unpaid.

Motion to rectify a decree.

This was an information in rem on a seizure for undervaluation. A decree on the merits was passed in favor of claimants, with a certificate of probable cause to the collector, and a writ of restitution to claimants, "upon payment of duties, or filing of a re-exportation bond." Motion was now made to strike out the words in quotations, requiring the payment of duties, &c.

A. Russell, for the motion.

A. B. Maynard, Dist. Atty., for the government.

LONGYEAR, District Judge. This case is in the admiralty; and it has been long since settled by the supreme court [U. S. v. 350 Chests of Tea] 12 Wheat. [25 U. S.] 486, that this court possesses no admiralty jurisdiction to enforce the payment of duties. Admiralty jurisdiction in revenue cases extends only to seizures for forfeitures under laws of impost, navigation, or trade of the United States, as conferred by section 9 of the judiciary act of 1789 (1 Stat 76). A suit to enforce the payment of duties must be on the common law side of the court, and not in the admiralty. This precise point was decided on mature consideration, by the supreme court, in the case of U. S. v. 350 Chests of Tea, 12 Wheat. [25 U. S.] 486. That decision is of course conclusive upon the point, so far as this court is concerned. See, also, The Waterloo [Case No. 17,257].

In a case which was before the supreme court in 1809 (Yeaton v. U. S., 5 Cranch [9 U. S.] 281, 284), a decree seems to have been entered very much like the one in the present case; but the point here made does not seem to have been presented to or considered by the court, and the case is entitled to no weight as authority, as against the later decision (1827) in the same court, in the Tea Case, above cited; in which the point was presented and fully considered.

[1] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

The motion is granted, and the decree must be modified accordingly.

As this decision is based upon a want of jurisdiction, the decree as modified, cannot, of course, in any manner affect any claim or lien which the United States may have for duties. Whether any such claim or lien exists, is a question so entirely outside this case that any consideration or decision of it here would seem to be out of place. I will, however, remark in passing, that by the act of July 18, 1866 (14 Stat. 186) § 31, the legal custody of the property seized has been and is now in the collector. If the duties have not been paid, they are of course still due and payable; and with the light that I now have, I can see no reason why they are not a lien now just the same as before the seizure. The doctrine of merger can no more be applied in this case than in the case of a mortgage held by a person claiming the title when it is for his interest to keep the mortgage alive; in which case, on the failure of the title, the mortgage lien can always be enforced. Neither can it be said that like a pledge, the lien is defeated by a voluntary relinquishment of possession, because the United States have all the time remained in full legal possession.

Motion granted.